**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**JUSTIN E. ADKISSON**                                                                        **PLAINTIFF**

V.                                                                    CAUSE NO. 3:22-cv-412-KHJ-FKB

**MICHAEL TAYLOR, II,**
**PIZZA HUT OF AMERICA, LLC,**
**YUM! BRANDS, INC., AND**
**JANE DOE**                                                                                **DEFENDANTS**

**COMPLAINT**
**(Jury Trial Requested)**

COMES NOW Plaintiff, Justin E. Adkisson, by and through the undersigned counsels of record and files this Complaint against Defendants, Michael Taylor, II and Pizza Hut of America, LLC and Yum! Brands, Inc., and Jane Doe and would show unto this Honorable Court the following:

**I.      PARTIES**

1.      Plaintiff Justin E. Adkisson is an adult resident citizen of Louisiana, residing at 7665 LA-93, Arnaudville, Louisiana 70512.

2.      Defendant, Michael Taylor, II ("Taylor"), is an adult resident citizen of Cook County, Illinois.  This Defendant may be served by delivering a copy of the Complaint and Summons to his residential address of 8838 South Kenwood Avenue, Chicago, Illinois 60619.

3.      On information and belief Defendant, Pizza Hut of America, LLC ("Pizza Hut") is a Limited Liability Company licensed to do business in the state of Mississippi.  This Defendant may be served by delivering a copy of the Complaint and Summons to its registered agent for service of process, C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

1

4.	On information and belief Defendant Yum! Brands, Inc. is a corporation organized under the laws of the State of North Carolina, with its principal place of business at 1441 Gardiner Lane, Louisville, Kentucky 40213.  Yum! Brands, Inc., maintains a corporate office at 7100 Corporate Drive, Plano, Texas 75024. This Defendant may be served by delivering a copy of the Complaint and Summons to tis registered agent for service of process, C.T. Corporation System 160 Mine Lake Court Suite 200, Raleigh, North Carolina, 27615.

5.	Jane Doe is an employee of Pizza Hut and was the supervisor of Michael Taylor or otherwise his principal on the day of the collision.  Jane Doe's true identity could not be readily obtained through a reasonable investigation but will be substituted/amended once her identity is obtained.  Upon information and belief, she arrived on the scene of the collision on the date in question and spoke with persons at the scene.

## II.	JURISDICTION AND VENUE

6.	This Court has jurisdiction over the parties and the subject matter herein.

7.	Venue is proper in this county as set forth in Miss Code Ann. §11-11-3, as the collision and injuries occurred in Hinds County, Mississippi.

8.	This case is based on the parties' diversity of citizenship under 28 U.S.C. § 1332(a)(1) because it is between citizens of different states.

9.	The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## III.	FACTS

10.	On or about February 4, 2021, around 2:18 P.M., Plaintiff, Justin E. Adkisson, was driving a 2017 Dodge Ram Pickup and was traveling south bound on North West Street in Jackson, Mississippi.

11. Plaintiff was in the right lane going south bound on North West Street near Stadium Drive in Jackson, Mississippi, making a right-hand turn into the driveway of 2501 North West Street when Defendant Taylor struck the right rear quarter panel of Plaintiff's vehicle. Upon information and belief, Defendant Taylor was working within the course and scope of his employment with Pizza Hut at the time of the collision (delivering pizzas) and/or was acting under the direct supervision and control of Jane Doe who negligently entrusted Defendant Taylor to drive her pizza route. In either case, the negligence should impute to Pizza Hut under the doctrine of respondeat superior and/or the principals of agency.

12. Defendant Taylor verbally threatened Plaintiff at the scene. Plaintiff suffered injuries as a result of the collision. Plaintiff subsequently presented to Merit Health River Oaks to receive medical care for the injuries he received as a direct and proximate result of the collision. Mr. Adkisson continued to treat for a period of time following the collision and has incurred medical, pharmacy, and mileage expenses as a direct and proximate result of this collision.

### IV.   NEGLIGENT OPERATION OF A MOTOR VEHICLE

13. Plaintiff realleges and incorporates by reference all facts and allegations contained within all other paragraphs in this complaint.

14. Defendant(s) was/were negligent in the operation of the motor vehicle prior to and at the time of the collision. Such negligence includes, but is not limited to:

    a. Failure to maintain control of the vehicle;

    b. Failure to observe due care and precaution;

    c. Failure to keep a proper lookout for other vehicles lawfully in the vicinity;

      d.      Failure to exercise reasonable care in the operation of the motor vehicle under the circumstances then existing;

      e.      Failure to abide with the rules of the road;

      f.      Respondeat Superior and Apparent Authority; and/or

      g.      Other acts of negligence and gross negligence to be shown at trial.

15. As a direct and proximate result of Defendant's actions, Plaintiff, Justin Adkisson:

      a.      suffered serious and painful bodily injuries, great physical pain, and mental anguish, and severe and substantial emotional distress;

      b.      was required to undergo medical treatment and to incur medical costs and expenses in order to alleviate injuries, pain and suffering;

      c.      was otherwise hurt, injured, and caused to sustain losses;

      d.      suffered loss profits from his business due to the property damage;

      e.      suffered property damage to his vehicle, it contents, *inter alia*;

      f.      loss of use of his vehicle and/or out of pocket rental costs; and/or

      f.      is entitled to recover any general damages.

## V.    GENERAL NEGLIGENCE/NEGLIGENCE PER SE

16. Plaintiff realleges and incorporates by reference all facts and allegations contained within all other paragraphs herein this complaint.

17. The acts and omissions by Defendant(s), amounted to negligence and/or negligence *per se* under Mississippi law.

## VI.    GROSS NEGLIGENCE

18. Plaintiff realleges and incorporates by reference all facts and allegations contained within all other paragraphs herein this complaint.

19. The above acts and omissions of Defendant(s) entitles Plaintiff to an award of punitive damages pursuant to Miss. Code Ann. §11-1-65.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Justin E. Adkisson, demands judgment against Defendants for all damages to which Plaintiff is entitled under Mississippi law. In addition to all actual and compensatory damages, Plaintiff requests punitive damages, pre-judgment interest, post-judgment interest, attorneys' fees, expenses, and all other damages allowed by law, including general damages and general relief.

This the 19th day of July 2022.

Respectfully submitted,

JUSTIN E. ADKISSON - PLAINTIFF

BY: */s/ John F. Hawkins*
     JOHN F. HAWKINS

OF COUNSEL:

John F. Hawkins, Esquire (MSB# 9556)
LaTanya ("LT") Allen, Esquire (MSB# 106383)
HAWKINS LAW, P.C.
226 North President Street (39201)
Post Office Box 24627
Jackson, Mississippi 39225-4627
Telephone: 601-969-9692
Facsimile: 601-914-3580
john@hgattorneys.com
ltallen@hgattorneys.com

Joshua P. Ginn, Esquire (MSB#104813)
Attorney At Law, PLLC
567 Highway 51, Suite D
Ridgeland, Mississippi 39157
Telephone: (601) 790-9344
Facsimile: (601) 885-4563
joshua@ginn-law.com